PUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-cv-4164 |
| | ) | |
| ROBERT HAMILTON, and others, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at East Moline Correctional Center, alleges Defendants violated his Eighth Amendment rights through deliberate indifference to his safety.

I. MOTION TO REQUEST COUNSEL

Plaintiff requests that the Court appoint counsel on his behalf.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it themselves. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022), citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

At the second step, the court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation

experience, plus the plaintiff's intellectual capacity and psychological history (if information on those topics is before the court). *Watts*, 42 F.4th at 760.

After this analysis, the court is "permitted to consider the strength or weakness of a plaintiff's claim," and "the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" *Id.* at 766. However, the court's assessment of the merits of a given case must account for the pro se litigant's likely difficulty in articulating their claim effectively. *Id.*

> "[L]egal time is scarce," and "[w]hen we compel a judge to divert the resources of the bar to weak claims ... we reduce the likelihood that other persons will receive adequate legal assistance." *Eagan v. Dempsey*, 987 F.3d 667, 699–700 (7th Cir. 2021) (Easterbrook, J., dissenting in part). And even when pro bono attorney resources are devoted to litigating meritorious pro se claims, the ask from the court is significant: "[e]ven with donated lawyer time and talent," the out-of-pocket costs involved in necessary tasks such as taking depositions and procuring expert testimony can "easily surpass" the plaintiff's realistic prospect for damages. *McCaa I*, 893 F.3d at 1036 (Hamilton, J., concurring); see also *Cole*, 265 F. Supp. 3d at 901 (Griesbach, J.) (explaining that, for certain types of cases, "[t]he time and money it would take to represent a plaintiff ... is beyond what courts can reasonably expect a law firm to expend without any hope of recovery"). As such, we wholly agree with Judge Griesbach's observation that the reasonable course of action is for district courts to engage in "closer scrutiny ... of the merits and what is at stake in a case before a judge uses [their] office to recruit a 'volunteer' attorney to represent the plaintiff." *Cole*, 265 F. Supp. 3d at 900.

*Watts*, 42 F.4th at 763–64.

Here, first, Plaintiff has failed to show a reasonable attempt to secure counsel on his own. He did not provide any information as to any attempts he has made to seek counsel prior to asking the Court to assist him. This is grounds to deny his motion.

Further, as to the second part of the inquiry, Plaintiff's claims are not factually difficult; he slipped and was injured on a damaged step and wishes to hold Defendants

responsible. Plaintiff's claims are potentially legally difficult, but that is so with all federal lawsuits. Plaintiff is literate and has good written communication skills, with some college. His complaint explains his claim clearly. He is competent to litigate it.

Finally, the Court finds the merits of Plaintiff's claim weigh against appointment of counsel. Plaintiff's claim seeks to hold Defendants liable for negligence, and mere negligence is not a sufficient underpinning for a constitutional claim.

Plaintiff's Motion to Request Counsel (Doc. 5) is denied.

## II. MERIT REVIEW ORDER

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

A. <u>Facts</u>

Plaintiff sues Warden Robert Hamilton and Acting Chief Engineer Leslie Arbuckle.

Plaintiff alleges that on December 14, 2020, he slipped on a damaged stair step, significantly injuring his ankle. Plaintiff alleges Defendants were negligent in directing inmates to use the stairs even though they knew the stairs were inoperable. (Doc. 1 at 5-6).

B. Analysis

"The Eighth Amendment demands that officials ensure 'reasonable safety,' not that they protect against all risks." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)).

The Eighth Amendment protects prisoners from the unnecessary infliction of pain caused by hazardous prison conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prison condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is small and the prison condition is necessarily unavoidable, such as a wet shower floor, the Seventh Circuit has held that the condition does not pose a sufficient risk of harm. *See Pyles*, 771 F.3d at 410 ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *see also Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019) ("The condition that [the plaintiff] identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers.").

However, when risk of injury is great and the prison condition is avoidable, such as prison officials forcing inmates with their hands cuffed behind their backs to navigate stairs slicked with milk and cluttered with garbage, the Seventh Circuit has

held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016); *see also Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) (discussing *Pyles* and *Anderson* and finding that officials occasionally forcing inmates to traverse stairs with hands cuffed behind their backs is not alone enough to state a constitutional claim).

"A prison official's duty to protect an inmate from harm arises because the state has placed him 'under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare.'" *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)). Thus, an inmate fails to state a claim for failure to protect where the inmate is able "to exercise responsibility for his own welfare." *Christopher*, 384 F.3d at 883.

Plaintiff's allegations are more like *Hardin* than *Anderson*. Plaintiff does not allege he was handcuffed or otherwise unable to take reasonable measures to exercise responsibility for his own welfare. Though Plaintiff alleges a known and unrepaired defect to the stair, his allegations fail to indicate a severe, unreasonable, or extremely hazardous peril. Instead, his allegations sound in negligence, which is insufficient to state a claim for a violation of the United States Constitution. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (stating that only intentional misconduct or criminal recklessness—not negligence, gross negligence, or tortious recklessness—violates Eighth Amendment).

The Court is sympathetic to Plaintiff's injury. However, Plaintiff has not stated a claim for a constitutional violation, so this suit must be dismissed.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [5] is denied.**

2. **This matter is dismissed with prejudice. The Clerk is to enter judgment in favor of Defendants and against Plaintiff.**

3. **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** See **Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards***, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien***, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose … has some merit" from a legal perspective). Regardless of the outcome of his appeal, Plaintiff will be responsible for the $505 appellate filing fee.**

ENTERED: June 9, 2023.

s/ *James E. Shadid*
James E. Shadid
United States District Judge